DARRELL D. DENNIS
Nevada Bar No. 006618
Darrell.Dennis@lewisbrisbois.com
STEPHANIE GARABEDIAN
Nevada Bar No. 9612
Stephanie.Garabedian@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Telephone: 702.893.3383
Facsimile: 702.893.3789

*Attorneys for Defendant Costco Wholesale Corporation*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FOUZIA EL BAKKAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a foreign corporation, doing businesses as COSTCO; DOE STORE MANAGERS I through X; DOE STORE EMPLOYEES I through X; DOE OWNERS I through X; DOE PROPERTY MANAGERS I through X; DOE MAINTENANCE EMPLOYEES I through X; DOE JANITORIAL EMPLOYEES I through X; ROE PROPERTY MANAGERS XI through XX; ROE MAINTENANCE COMPANIES XI through XX; ROE OWNERS XI through XX; ROE EMPLOYERS XI through XX DOES XXI through XXV; ROE CORPORATIONS XXV through XXX; inclusive jointly severally<br><br>Defendants. | Case No.: 2:22-cv-01615<br><br><br>**PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)** |

Pursuant to 28 U.S.C. § 1441(b), Defendant COSTCO WHOLESALE CORPORATION (hereinafter referred to as "Defendant"), by and through its counsel of record, LEWIS BRISBOIS BISGAARD & SMITH LLP, files this Petition for Removal of Clark County District Court Case No. A-21-845416-C, styled *Fouzia El Bakkal, Plaintiff(s) vs. Costco Wholesale Corporation, et al., Defendant(s)* and states as follows:

4879-6121-1444.1

1. On December 14, 2021, Plaintiff FOUZIA EL BAKKAL ("Plaintiff") commenced an action in the Eighth Judicial District Court, Clark County, State of Nevada, entitled *Fouzia El Bakkal, Plaintiff(s) vs. Costco Wholesale Corporation, et al., Defendant(s),* Case No. A-21-845416-C. Copies of the Complaint and Summons are attached and marked respectively as *Exhibits "A"* and *"B."* Defendant was served on December 20, 2021. A copy of Defendant's Answer is attached as Exhibit "C;" Plaintiff's Petition for Exemption from the Mandatory Arbitration Program is attached as Exhibit "D;" the Order Granting Plaintiff's Petition for Exemption is attached as Exhibit "E;" the Joint Case Conference Report is attached as Exhibit "F;" the Mandatory Rule 16 Conference Order is attached as Exhibit "G," the Scheduling and Trial Order is attached as Exhibit "H" and the Notice of Entry of Order Dismissing Defendant Melisa Landa is attached as Exhibit "I." This includes a copy of all process, pleadings, and orders served upon such Defendant in this action.

2. This action is a civil action of which this Honorable Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b)(3) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. Plaintiff is a citizen of the state of Nevada and Defendant *COSTCO WHOLESALE CORPORATION* is a Corporation organized under the laws Delaware with its principal place of business located in Washington.

4. Plaintiff's original Complaint identified another Defendant, Melisa Landa, who was a citizen of the state of Nevada. Therefore, at the time Plaintiff filed her Complaint, complete diversity did not exist between all of the parties.

5. On September 22, 2022, Plaintiff voluntarily dismissed the one non-diverse Defendant, Melissa Landa. *See* Exhibit "I;" Notice of Entry of Order dismissing Defendant Melisa Landa.

6. Complete discovery between the parties did not exist until September 22, 2022.

7. Pursuant to 28 U.S.C. § 1446(b)(3), the case stated by the initial pleading was not removable but due to the Order dismissing Defendant Landa, Defendant files this notice within thirty (30) days from which it ascertained that this case is now removable.

8. "Courts have imposed the `voluntary/involuntary' rule, under which an action not initially removable must remain in state court unless a `voluntary act' of the plaintiff brings about a change that renders the case removable." *See Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 993 (D. Nev. 2005).

9. Plaintiff voluntarily dismissed Melisa Landa as a Defendant in the underlying state court matter. *See* Exhibit "I." Thus, pursuant to the 'voluntary/involuntary' rule, this action may be removed to this Honorable Court.

10. Plaintiff and Defendant are citizens of different States and complete diversity jurisdiction is appropriate.

11. Although the case was filed nine months ago, the parties only recently begun discovery in this matter on August 1, 2022. *See* Exhibit "F." In fact, a jury trial for this action is not scheduled until July 29, 2024. *See* Exhibit "H;" Scheduling Order and Order Setting Civil Jury Trial and Calendar Call.

12. Venue is appropriate in the unofficial Southern District of the District of Nevada pursuant to 28 U.S.C. § 1441 (a) and LR IA 1-6.

13. There are no other Defendants appearing in this matter that need to consent to this Removal.

14. The matter in controversy exceeds the sum of $75,000. Plaintiff asserted in her Complaint that she is entitled to general damages in excess of $15,000; special damages in excess of $15,000; and for interest and costs incurred by the Plaintiff in bringing her claims. Upon information and belief, Plaintiff is claiming she suffered physical injury and great pain of body and mind, some of which is chronic, permanent and disabling. Further, upon information and belief, Plaintiff's medical special damages are in excess of $200,000.00 and are continuing to increase due to Plaintiff's ongoing medical treatment. Given the extent of Plaintiff's claimed damages, Plaintiff is likely to ask a jury for more than



1 the $75,000 jurisdictional threshold.

2     15.    A defendant's duty is not to prove by a preponderance of the evidence that the plaintiffs are likely to recover an amount in excess of the threshold. Rather, the jurisdictional minimum in diversity cases is determined by the amount at stake to either party. *Hamrick v. REO Props. Corp.*, 2010 U.S. Dist. LEXIS 85073 (Nev. 2010). In other words, the amount in controversy is satisfied when the plaintiff's potential gain exceeds the jurisdictional limit. *Id*. The pertinent question the Court is to ask is whether or not plaintiff is likely to ask a jury for an amount above $75,000. *Canonico v. Seals*, 2013 U.S. Dist. LEXIS 60047 (Nev. 2013). As such, the appropriate figure to use in determining whether Defendant has presented adequate evidence to establish the amount in controversy is not the probable amount that Plaintiff will recover, but rather the total potential value of Plaintiff's claims, considering all of the allegations and all the asserted damages. If Defendant can show by a preponderance of evidence that: (1) Plaintiff is likely to ask from the jury an amount over the jurisdictional threshold, or (2) were a jury to award Plaintiff full recovery that award would be over the jurisdiction threshold, then jurisdiction with the Federal Court should remain. As such, it is apparent from the alleged damages that the amount in controversy is in excess of $75,000, exclusive of interest and costs, and that Defendant has satisfied the jurisdictional threshold.

16.    Based on the foregoing, Defendant respectfully submits that (a) there is now diversity of citizenship between Plaintiff and Defendant, and (b) the amount in controversy exceeds $75,000. This action is, therefore, properly removed to the United States District

//
//
//
//
//
//
//
//

4879-6121-1444.1

4

Court for the unofficial Southern District of Nevada.

DATED this 23rd day of September, 2022.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By  /s/ Stephanie Garabedian
DARRELL D. DENNIS
Nevada Bar No. 006618
STEPHANIE GARABEDIAN
Nevada Bar No. 009612
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant Costco Wholesale Corporation*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of September, 2022, I electronically filed the **PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY)** with the Clerk of the Court through Case Management/Electronic Filing System.

Jacob G. Leavitt, Esq.
Nevada Bar No. 12608
BIGHORN LAW
3675 W. Cheyenne Ave., Ste. 100
North Las Vegas, Nevada 89032
Tel: 702-333-111
jacobl@bighornlaw.com
Attorney for Plaintiff

        /s/  Billi Montijo
An Employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP

4879-6121-1444.1

6