# EXHIBIT B

# EXHIBIT B

Electronically Filed
12/14/2021 2:47 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
JACOB G. LEAVITT, ESQ.
Nevada Bar No.: 12608
**BIGHORN LAW**
3675 W. Cheyenne Ave., Suite 100
North Las Vegas, Nevada 89032
Phone: (702) 333-1111
Email: Jacobl@bighornlaw.com
*Attorneys for Plaintiff*

CASE NO: A-21-845416-C
Department 2

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| FOUZIA EL BAKKAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION, a foreign corporation, doing business as COSTCO; MELISA LANDA; DOE STORE MANAGERS I through X; DOE STORE EMPLOYEES I through X; DOE OWNERS I through X; DOE PROPERTY MANAGERS I through X; DOE MAINTENANCE EMPLOYEES I through X; DOE JANITORIAL EMPLOYEES I through X; ROE PROPERTY MANAGERS XI through XX; ROE MAINTENANCE COMPANIES XI through XX; ROE OWNERS XI through XX; ROE EMPLOYERS XI through XX; DOES XXI through XXV; and ROE CORPORATIONS, XXV through XXX, inclusive, jointly and severally,<br><br>Defendants. | CASE NO.:<br>DEPT. NO.:<br><br>**COMPLAINT** |

COMES NOW Plaintiff FOUZIA EL BAKKAL, by and through her counsel, JACOB G. LEAVITT, ESQ, with the law offices of **BIGHORN LAW**, and for her cause of action against the Defendants, and each of them, alleges as follows:

1. That Plaintiff FOUZIA EL BAKKAL (hereinafter referred to as "BAKKAL") was at all times relevant to this action a resident of Las Vegas, Clark County, Nevada.

///

2. Upon information and belief, that at all times relevant to this action, the Defendant COSTCO WHOLESALE CORPORATION., a foreign corporation, doing business as COSTCO (hereinafter referred to as "COSTCO"), and/or DOE OWNERS I through X; and/or DOE PROPERTY MANAGERS I through X; and/or ROE OWNERS XI through XX; and/or ROE CORPORATIONS, XXV through XXX, was an entity doing business in the State of Nevada.

3. Upon information and belief, that at all times relevant to this action, Defendant MELISA LANDA, and/or DOE STORE MANAGERS I through X, was at all times relevant to this action a resident of Las Vegas, Clark County, Nevada.

4. Upon information and belief, DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE EMPLOYERS XI through XX and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, was the appropriate party responsible for the maintenance and safe-keeping of the property located at 791 Marks St. Henderson, NV, 89014, and is/are a resident of Clark County, Nevada or business entity established in and/or doing business in the State of Nevada.

5. Upon information and belief, DOE OWNERS I through X, and/or ROE OWNERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, was the owner of the property located at 791 Marks St. Henderson, NV, 89014, and is a resident of Clark County, Nevada or business entity established in and/or doing business in the State of Nevada.

6. Upon information and belief, DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, was the contracted property management company for

the property located at 791 Marks St. Henderson, NV, 89014, and is a resident of Clark County, Nevada or business entity established in and/or doing business in the State of Nevada.

7. Upon information and belief DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or ROE EMPLOYERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, was the appropriate party responsible for the hiring, training, and supervision of DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and was a business entity established in and/or doing business in the State of Nevada.

8. That the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX; DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, are unknown to PLAINTIFF, who therefore sue said Defendants by such fictitious names accordingly.

9. PLAINTIFF BAKKAL is informed, believes, and thereon alleges that each of the Defendants designated herein as DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, are responsible in some manner for the events and happenings referred to, through acts or omissions, and caused damages proximately to PLAINTIFF BAKKAL as herein alleged, and that PLAINTIFF will ask leave of this Court to amend this Complaint to insert the true names and

///

capacities of DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, when the same have been ascertained, and to join such defendants in this action.

10. At all times relevant hereto the conduct and activities hereinafter complained of occurred within Clark County, Nevada.

### FIRST CAUSE OF ACTION
(Negligence as to All Defendants)

11. PLAINTIFF BAKKAL incorporates by this reference all of the allegations in the paragraphs hereinabove, as though completely set forth herein.

12. That upon information and belief, at all times relevant to this action, DEFENDANTS COSTCO, and/or MELISA LANDA, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, were the owners or lessees and occupied, operated, maintained and controlled the premises located at 791 Marks St. Henderson, NV, 89014.

13. That on or about the December 15, 2019, and for some time prior thereto, DEFENDANTS COSTCO, and/or MELISA LANDA, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated,

occupied, and controlled the said premises, located at 791 Marks St. Henderson, NV, 89014, so as to cause and allow an unreasonably hazardous and dangerous premises and such negligence caused injury to PLAINTIFF.

14. That on or about the December 15, 2019, and for some time prior thereto, DEFENDANTS COSTCO, and/or MELISA LANDA, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated, occupied, and controlled the said premises, located at 791 Marks St. Henderson, NV, 89014, in that they maintained the area in such a manner that it presented a dangerous and hazardous condition in an area intended for the use and commonly and regularly used by invitees of the said Defendants by allowing hazardous conditions to exist on the floor resulting in PLAINTFF slipping and falling.

15. That on or about the December 15, 2019, and for some time prior thereto, DEFENDANTS COSTCO, and/or MELISA LANDA, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated, occupied, and controlled the said premises, located at 791 Marks St. Henderson, NV, 89014, in that

said Defendants permitted, allowed and caused said unsafe condition to remain on the floor despite DEFENDANTS COSTCO, and/or MELISA LANDA, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, knew or, through the exercise of ordinary care and diligence, should have known, that its premises was maintained in an unsafe manner so as to create a defective and dangerous condition for anyone walking in the area, including PLAINITFF who did slip and fall.

16. At all times relevant herein, DEFENDANTS COSTCO, and/or DOE OWNERS I through X, and/or MELISA LANDA, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, failed to maintain the aforesaid premises in a reasonably safe condition, free of debris in a known area that serves food and where guests consume food; and that said Defendants, negligently, carelessly and recklessly failed to inspect, maintain, clean and correct the unsafe condition of food on the floor and further failed to warn PLAINTIFF BAKKAL, of the unsafe condition therein.

17. At all times herein concerned or relevant to this action, the DEFENDANTS COSTCO, and/or DOE OWNERS I through X, and/or MELISA LANDA, and/or DOE STORE MANAGERS I through

X, and/or DOE STORE EMPLOYEES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, acted by and through their duly authorized agents, servants, workmen and/or employees then and there acting within the course of their employment and scope of their authority for the said Defendants.

18. That the carelessness and negligence of DEFENDANTS COSTCO, and/or DOE OWNERS I through X, and/or MELISA LANDA, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, in breaching a duty owed to the PLAINTIFF BAKKAL, which directly and proximately caused the injuries and damages to PLAINTIFF BAKKAL, consisting in and of, but not limited to, the following acts, to wit:

(a) Failure to provide a safe premise for PLAINTIFF BAKKAL;

(b) Failure to warn PLAINTIFF BAKKAL, of the dangerous and hazardous condition then and there existing in said premises;

///

(c) Failure to properly and adequately inspect the said dangerous condition to ascertain its hazardous and dangerous condition;

(d) Failure to properly and adequately maintain said premises;

(e) DEFENDANTS COSTCO, and/or DOE OWNERS I through X, and/or MELISA LANDA, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, had, or should have had, knowledge or notice of the existence of the said dangerous and defective condition which existed on said premises.

19. DEFENDANTS COSTCO, and/or DOE OWNERS I through X, and/or MELISA LANDA, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, have violated certain statutes, ordinances and building codes, which PLAINTIFF BAKKAL prays leave of Court to insert the exact statutes or ordinances or codes at the time of the trial.

///

20. That on or about December 15, 2019, PLAINTIFF BAKKAL, while lawfully upon said premises of DEFENDANTS COSTCO, and/or MELISA LANDA, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and as a direct and proximate result of the negligence and carelessness of said Defendants, and each of them, PLAINTIFF BAKKAL was caused to suffer the injuries and damages hereinafter set forth when she slipped and fell as a result of Defendants' failure to maintain the area and the floor in a safe manner, and said negligence caused PLAINTIFF to slip and fall to the floor and proximately causing her injuries resulting damages as hereinafter more particularly alleged.

21. By reason of the premises and as a direct and proximate result of the aforesaid negligence and carelessness of DEFENDANTS COSTCO, and/or DOE OWNERS I through X, and/or MELISA LANDA, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, PLAINTIFF BAKKAL was otherwise injured in and about her head, neck, back, legs, knees and heart and caused to suffer great pain of body and mind, all or some of the same of which are chronic conditions, which may result in permanent disability and are disabling, all to which PLAINTIFF

///

1  BAKKAL is entitled to recover damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

22. By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of DEFENDANTS COSTCO, and/or DOE OWNERS I through X, and/or MELISA LANDA, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, PLAINTIFF BAKKAL, has been caused to incur medical expenses, and will in the future be caused to expend monies for medical expenses and additional monies for miscellaneous expenses incidental thereto, in a sum presently unascertainable. PLAINTIFF BAKKAL may pray leave of Court to insert the total amount of the medical and miscellaneous expenses when the same have been fully determined at the time of the trial for this action.

23. Prior to the injuries complained of herein, PLAINTIFF BAKKAL, was an able-bodied female, capable of engaging in all activities for which she was otherwise suited. By reason of the condition of the premises described herein, and as a direct and proximate result of the negligence of DEFENDANTS COSTCO, and/or DOE OWNERS I through X, and/or MELISA LANDA, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through

XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of them, PLAINTIFF BAKKAL was caused to be disabled and was limited and restricted in PLAINTIFF BAKKAL' occupations and activities, which caused PLAINTIFF BAKKAL loss of wages in a presently unascertainable amount, the allegations of which Plaintiff may pray leave of Court to insert herein when the same shall be fully determined.

24. PLAINTIFF BAKKAL has been required to retain the Law Offices of **BIGHORN LAW** to prosecute this action, and is entitled to recover her reasonable attorneys' fees, her litigation costs, and prejudgment interest.

25. That this Court has subject matter jurisdiction over this matter pursuant to NRS 4.370(1), as the matter in controversy exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of attorneys' fees, interest, and costs.

26. That this Court has personal jurisdiction in this matter, as the incidents and occurrences that comprise the basis of this lawsuit took place in Clark County, Nevada.

**SECOND CAUSE OF ACTION**
(Respondeat Superior, Negligent Hiring, Training, and Supervision as to DEFENDANTS COSTCO, and/or MELISA LANDA, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX)

27. PLAINTIFF BAKKAL incorporates by this reference all of the allegations of the paragraphs hereinabove, as though completely set forth herein.

28. DEFENDANTS COSTCO, and/or MELISA LANDA, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X,

and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, had a duty to properly hire, train, and supervise all employees to ensure that the property and floors mentioned hereinabove remained in a reasonably safe condition.

29. That at all times pertinent hereto, DEFENDANTS COSTCO, and/or MELISA LANDA, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, breached its above-referenced duties by failing to properly hire, train and/or supervise DEFENDANTS and/or MELISA LANDA, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DEFENDANTS DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DEFENDANTS DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE MAINTENANCE COMPANIES XI through XX, in each of their duties and actions as property managers/maintainer and/or employees for DEFENDANTS COSTCO, and/or MELISA LANDA, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE

PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants.

30. In addition, as the employer of DEFENDANTS COSTCO, and/or MELISA LANDA, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of them, are vicariously liable for all damage caused by DEFENDANTS MELISA LANDA, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DEFENDANTS DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DEFENDANTS DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE MAINTENANCE COMPANIES XI through XX, as said Defendants, were acting within the course and scope of each of their employment with DEFENDANTS COSTCO, and/or MELISA LANDA, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or

ROE CORPORATIONS, XXV through XXX, and each of the Defendants, at the time of the slip and fall described herein.

31. As a direct and proximate result of the aforesaid negligence and carelessness of the above-referenced Defendants, and each of them, PLAINTIFF BAKKAL suffered physical injury and was otherwise caused to suffer great pain of body and mind, and all or some of the same is chronic and may be permanent and disabling, all to her damage in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

32. As a direct and proximate result of the aforesaid negligence and carelessness of DEFENDANTS COSTCO, and/or MELISA LANDA, and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, PLAINTIFF BAKKAL has been caused to expend monies for medical and miscellaneous expenses, and will in the future be caused to expend additional monies for medical expenses and miscellaneous expenses incidental thereto, in a sum not yet presently ascertainable, and leave of Court may be requested to include said additional damages when the same have been fully determined.

33. Prior to the injuries complained of herein, PLAINTIFF BAKKAL was an able-bodied female, capable of being gainfully employed and capable of engaging in all other activities for which PLAINTIFF was otherwise suited. By reason of the incident referenced above, and as a direct and proximate result of the negligence of DEFENDANTS COSTCO, and/or MELISA LANDA,

and/or DOE STORE MANAGERS I through X, and/or DOE STORE EMPLOYEES I through X, and/or DOE OWNERS I through X, and/or DOE PROPERTY MANAGERS I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or DOE MAINTENANCE EMPLOYEES I through X, and/or DOE JANITORIAL EMPLOYEES I through X, and/or ROE PROPERTY MANAGERS XI through XX, and/or ROE MAINTENANCE COMPANIES XI through XX, and/or ROE OWNERS XI through XX, and/or ROE EMPLOYERS XI through XX, and/or DOES XXI through XXV, and/or ROE CORPORATIONS, XXV through XXX, and each of the Defendants, PLAINTIFF was caused to be disabled and limited and restricted in her occupations and activities, which caused PLAINTIFF a loss of wages in an unascertainable amount as of this time, and/or diminution of PLAINTIFF'S earning capacity and future loss of wages, all to a damage of a sum not yet presently ascertainable, the allegations of which PLAINTIFF prays leave of Court to incorporate herein when the same shall be fully determined.

34. PLAINTIFF BAKKAL has been required to retain the Law Offices of **BIGHORN LAW** to prosecute this action, and is entitled to recover her reasonable attorneys' fees, her litigation costs, and prejudgment interest.

///
///
///
///
///
///
///
///
///

## CLAIM FOR RELIEF:

PLAINTIFF requests the relief against DEFENDANTS, and each of them as follows:

1. General damages for PLAINTIFF BAKKAL, in an amount in excess of Fifteen Thousand Dollars ($15,000.00);

2. Special damages for said Plaintiff's medical and miscellaneous expenses as of this date, plus future medical expenses and the miscellaneous expenses incidental thereto in a presently unascertainable amount;

3. Special damages for lost wages in a presently unascertainable amount, and/or diminution of the earning capacity of said Plaintiff, plus possible future loss of earnings and/or diminution of said Plaintiff's earning capacity in a presently unascertainable amount;

4. Compensatory damages in an amount in excess of fifteen thousand dollars ($15,000.00);

5. Costs of this suit;

6. Prejudgment Interest;

7. Attorney's fees; and

8. For such other and further relief as to the Court may seem just and proper in the premises.

DATED this 14th day of December, 2021.

**BIGHORN LAW**

/s/Jacob G. Leavitt
JACOB G. LEAVITT, ESQ.
Nevada Bar No.: 12608
3675 W Cheyenne Ave, Suite 100
N. Las Vegas, Nevada 89032
Phone: (702) 333-1111
Attorneys for Plaintiff

# DISTRICT COURT CIVIL COVER SHEET

County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

**CASE NO: A-21-845416-C**
**Department 2**

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| FOUZIA EL BAKKAL | COSTCO WHOLESALE CORPORATION |
|  | and MELISA LANDA |

| Attorney (name/address/phone): | Attorney (name/address/phone): |
|---|---|
| JACOB G. LEAVITT, ESQ. |  |
| 3675 W. Cheyenne Ave., Suite 100 |  |
| North Las Vegas, Nevada 89032 |  |
| 702-333-1111 |  |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☒ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

**12/14/2021**
Date

**/s/ Jacob G. Leavitt**
Signature of initiating party or representative

*See other side for family-related case filings.*

Nevada AOC - Research Statistics Unit
Pursuant to NRS 3.275

Form PA 201
Rev 3.1

Case Number: A-21-845416-C

Electronically Filed
12/14/2021 2:47 PM
Steven D. Grierson
CLERK OF THE COURT

|   |   |
|---|---|
| 1 | **IAFD** |
| 2 | JACOB G. LEAVITT, ESQ.<br>Nevada Bar No.: 12608 |
| 3 | **BIGHORN LAW**<br>3675 W. Cheyenne Ave., Suite 100 |
| 4 | North Las Vegas, Nevada 89032 |
| 5 | Phone: (702) 333-1111<br>Email: Jacobl@bighornlaw.com |
| 6 | *Attorneys for Plaintiff* |

CASE NO: A-21-845416-C
Department 2

# DISTRICT COURT

## CLARK COUNTY, NEVADA

FOUZIA EL BAKKAL, an individual,

    Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION, a foreign corporation, doing business as COSTCO; MELISA LANDA; DOE STORE MANAGERS I through X; DOE STORE EMPLOYEES I through X; DOE OWNERS I through X; DOE PROPERTY MANAGERS I through X; DOE MAINTENANCE EMPLOYEES I through X; DOE JANITORIAL EMPLOYEES I through X; ROE PROPERTY MANAGERS XI through XX; ROE MAINTENANCE COMPANIES XI through XX; ROE OWNERS XI through XX; ROE EMPLOYERS XI through XX; DOES XXI through XXV; and ROE CORPORATIONS, XXV through XXX, inclusive, jointly and severally,

    Defendants.

CASE NO.:
DEPT. NO.:

## INITIAL APPEARANCE FEE DISCLOSURE

Pursuant to N.R.S. Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above-entitled action as indicated below:

    PLAINTIFF:              $270.00

///

///

**TOTAL REMITTED:**     $270.00

DATED this 14th day of December, 2021.

                          **BIGHORN LAW**

                          By: */s/ Jacob G. Leavitt*
                          **JACOB G. LEAVITT, ESQ.**
                          Nevada Bar No.: 12608
                          3675 W Cheyenne Ave
                          Suite 100
                          N. Las Vegas, Nevada 89032
                          Phone: (702) 333-1111
                          Attorneys for Plaintiff