UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FOUZIA EL BAKKAL, an individual, | Case No. 2:22-cv-01615-ART-BNW |
| Plaintiff, | ORDER |
| v. | |
| COSTCO WHOLESALE CORPORATION, a foreign corporation, doing businesses as COSTCO; DOE STORE MANAGERS I through X; DOE STORE EMPLOYEES I through X; DOE OWNERS I through X; DOE PROPERTY MANAGERS I through X; DOE MAINTENANCE EMPLOYEES I through X; DOE JANITORIAL EMPLOYEES I through X; ROE PROPERTY MANAGERS XI through XX; ROE MAINTENANCE COMPANIES XI through XX; ROE OWNERS XI through XX; ROE EMPLOYERS XI through XX DOES XXI through XXV; ROE CORPORATIONS XXV through XXX; inclusive jointly severally, | |
| Defendants. | |

This is a personal injury slip and fall case which was removed from the Eighth Judicial District Court of the State of Nevada to this Court on September 23, 2022. Before the Court are: (1) Plaintiff Fouzia El Bakkal's motion to remand (ECF No. 9); (2) Plaintiff's amended motion to remand (ECF No. 18); (3) Plaintiff's amended motion to file an amended complaint (ECF No. 20); (4) Defendant Costco Wholesale Corporation's motion to strike Plaintiff's amended motion to remand (ECF No. 22); and (5) Plaintiff's first motion for leave to file an additional amended motion to amend complaint and remand (ECF No. 32). For the reasons set forth in this order, Plaintiff's motion to file an amended complaint (ECF No. 20) is granted in part and Plaintiff's motion to remand (ECF No. 18) is granted. Plaintiff's first motion to remand (ECF No. 9) is denied as moot, and the Court declines to

decide Plaintiff's motion for leave to file an additional motion to amend complaint and remand (ECF No. 32). Also outstanding are Defendant Costco Wholesale Corporation's motions to compel (ECF Nos. 36, 46) and Plaintiff's motion for protective order (ECF No. 37), which the Court declines to decide.

**I.   BACKGROUND**

Plaintiff, a Nevada resident, filed a complaint in the Eighth Judicial District Court of the State of Nevada on December 14, 2021. (ECF No. 1-2 at 16.) Initially, Plaintiff named Melisa Landa in the complaint, who Plaintiff believed to be the store manager at the time of Plaintiff's alleged injury, then during the Eighth Judicial District Court proceedings Plaintiff agreed to dismiss Melisa Landa after learning that she was not actually working as the manager at that time. (ECF No. 1-9.) Following the dismissal of Melisa Landa, Defendant Costco Wholesale Corporation ("Costco") removed the case to this Court. (ECF No. 1.)

Plaintiff filed a motion to remand on October 21, 2022, which argues that remand is appropriate since Plaintiff names Doe Store Managers as defendants and Defendant Costco has not shown that the Doe Store Manager is not a Nevada resident. (ECF No. 9.) At that time, Plaintiff did not know the identity of the store manager. On January 12, 2023, Plaintiff filed an amended motion to remand which included the identity of the store manager working at the time of the alleged injury, Eric De La Cruz, a Nevada resident. (ECF No. 18.) That same document also served as Plaintiff's motion to amend complaint to substitute Eric De La Cruz and to add a claim of negligence per se and was filed in a parallel filing the same day (ECF No. 17), but that filing was denied due to failure to include a meet-and-confer certification (ECF No. 19), which led Plaintiff to file an amended motion to amend complaint on January 17, 2022 which also sought addition of assistant store manager Lisa Gehres (ECF No. 20). On January 27, 2023, Defendant Costco filed a motion to strike Plaintiff's amended motion to remand, arguing that Plaintiff's amended motion constitutes a supplemental filing filed without leave

of Court and that Plaintiff improperly joined two motions into one. (ECF No. 22.)

On March 28, 2023, Plaintiff filed a motion for leave to file an additional amended motion to amend complaint and remand. (ECF No. 32.) In Plaintiff's proposed amended motion to amend complaint and remand, Plaintiff seeks to substitute for Doe and Roe defendants Club Demonstration Services, Inc., and Cynthia Hanna. Plaintiff explains that Club Demonstration Services, Inc. was the company serving food samples in the Costco location where Plaintiff was allegedly injured and that Cynthia Hanna was the employee who may have been jointly responsible, along with Defendant Costco, for the area in which Plaintiff was allegedly injured. Addition of these parties would destroy diversity jurisdiction.

## II. DISCUSSION

A plaintiff can challenge removal with a motion to remand. The removal statute is strictly construed against removal jurisdiction. *Hansen v. Group Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018). "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Id.* at 1057 (citing *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "Legislative history confirms that Congress intended 28 U.S.C. § 1447(e) as a solution to allow joinder of a non-diverse Doe defendant." *Valdez v. Home Depot U.S.A., Inc.*, 2022 WL 4137691 at *3 (N.D. Cal. Aug. 25, 2022) (citing H.R. Rep. No. 100-889 at 71); *see also Bartfeld v. AMCO Ins. Co.*, 2022 WL 16698687 (N.D. Cal. Nov. 3, 2022) (citing same). District courts have discretion to permit an amendment destroying diversity. Factors considered by district courts in exercising this discretion include: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Fed. R. Civ. P. 19(a); (2)

whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction; (5) whether denial of the joinder would prejudice the plaintiff; (6) the strength of the claims against the new defendant. *Henley v. Smiths Food & Drug Ctrs., Inc.*, 2014 U.S. Dist. LEXIS 63087, *3-4 (D. Nev May 6, 2014). In the Doe defendant context, district court decisions "favor[] remand where the plaintiff's descriptions of the Doe defendants provide a reasonable indication of their identity, the relationship to the action, and their diversity-destroying citizenship." *Valdez v. Home Depot U.S.A., Inc.*, 2022 WL 4137691, at *3 (N.D. Cal. Aug. 25, 2022) (internal quotations omitted).

Here, Defendant Costco challenges Plaintiff's motion to amend to add Eric De La Cruz on both procedural (ECF No. 22) and substantive (ECF No. 24) grounds. On the former, Defendant Costco argues that Plaintiff's amended motion to remand is a "fugitive document" since it is effectively a supplement to Plaintiff's earlier motion to remand and supplementation requires leave of Court under Local Rule LR 7-2(g). As Plaintiff's counsel acknowledges, the proper proceeding under LR 7-2(g) is to seek leave of Court to provide supplementary information. Nonetheless, the Court agrees with Plaintiff that supplementation is warranted and was timely pursued following Defendant Costco's disclosure of the identity of the store manager. Defendant Costco also argues that Plaintiff violated Local Rule IC 2-2(b) for containing multiple types of relief within one motion. This rule concerns procedures for electronically filing in CM/ECF and requires that a separate event be selected for each type of relief requested. Plaintiff complied with this requirement by filing the document as a motion to amend complaint and as a motion to remand. (ECF Nos. 17, 18, 20.) Defendant Costco's motion to strike (ECF No. 22) is denied.

Substantively, Defendant Costco argues that Plaintiff should not be

permitted to amend to substitute Eric De La Cruz and Lisa Gehres as Doe Store Managers because the claims against them are duplicative of the respondeat superior claim against Defendant Costco, making substitution of these individual unnecessary for just adjudication of Plaintiff's claims. Defendants also argue that substitution is inappropriate because Plaintiff's original complaint does not sufficiently describe the actions of the Doe Store Managers for the purposes of Nevada's state law test for relation back of a substituted defendant for statute of limitations purposes. Defendant Costco points out that the statute of limitations would prevent the filing of a new action against these individuals in state court.

The Court finds that substitution of Eric De La Cruz and Lisa Gehres is appropriate in this case, necessitating remand. Although Plaintiff may have a viable claim against Defendant Costco and this claim may be based on vicarious liability, it is also axiomatic that an employer's vicarious liability does not preclude individual tort liability on behalf of the employees. Furthermore, the Court is not aware of any stipulation from the parties indicating that Defendant Costco concedes that Eric De La Cruz and Lisa Gehres were acting within the scope of their employment. *See Henley*, 2014 U.S. Dist. LEXIS 63087 at *5-6. The remaining factors favor substitution or are neutral. Plaintiff promptly sought substitution after learning the identities of the store managers. Plaintiff does not seek to join the store managers solely to defeat diversity: Plaintiff originally named Melisa Landa as the store manager, showing that Plaintiff intended to proceed against the store manager before the case was removed. Although the exact strength of Plaintiff's claims against the store managers is not apparent, they are not related to the case "only tangentially" since the store managers allegedly had control of the area where Plaintiff was allegedly injured. *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1174 (E.D. Cal. 2011), *aff'd in part*, 604 F. App'x 545 (9th Cir. 2015) ("Courts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or

1 would not prevent complete relief.") (internal quotations omitted).

2       Regarding the statute of limitations, Fed. R. Civ. P. 15(c)(1)(A) provides that
3 an amendment to a pleading relates back to the date of the original pleading when
4 the law that provides the applicable statute of limitations allows relation back.
5 As the parties both point out, the Supreme Court of Nevada has set forth a three-
6 part test for relation back of a Doe defendant. Relation back is appropriate when
7 the plaintiff has: (1) pled fictitious or Doe defendants in the caption of the
8 complaint; (2) pled the basis for naming defendants by other than their true
9 identity and clearly specified the connection between the intended defendants
10 and the conduct, activity, or omission upon which the cause of action is based;
11 and (3) exercised reasonable diligence in ascertaining the true identity of the
12 intended defendants and promptly moved to amend the complaint in order to
13 substitute the actual for the fictional. *Nurenberger Hercules-Werke GMBH v.*
14 *Virostek*, 107 Nev. 873, 881, 822 P.2d 1100, 1106 (1991), *abrogated on other*
15 *grounds by Costello v. Casler*, 127 Nev. 436, 254 P.3d 631 (2011). Here, Plaintiff
16 pled that the Doe Store Managers "negligently and carelessly [...] maintained,
17 operated, occupied, and controlled the said premises [...] so as to cause and allow
18 an unreasonably hazardous and dangerous premises and such negligence
19 caused injury to [Plaintiff]." (ECF No. 1-2 at ¶ 13.) This is sufficient to allow
20 relation back.

21 **III. CONCLUSION**

22       Since the Court lacks subject matter jurisdiction due to the substitution of
23 Eric De La Cruz and Lisa Gehres, the Court declines to decide: (1) whether
24 Plaintiff should be permitted to add a claim of negligence per se; (2) whether to
25 permit substitution of Club Demonstration Services, Inc. and Cynthia Hanna for
26 Doe and Roe defendants (ECF No. 32); (3) Defendant Costco's motions to compel
27 (ECF Nos. 36, 46); and (4) Plaintiff's motion for protective order (ECF No. 37).
28       Plaintiff's first motion to remand (ECF No. 9) is denied as moot.

Plaintiff's amended motion to file an amended complaint (ECF No. 20) is granted with respect to the substitution of Eric De La Cruz and Lisa Gehres for Doe Store Managers.

Plaintiff's amended motion to remand (ECF No. 18) is granted.

The Clerk of Court is directed to administratively close this case.

DATED THIS 17th day of July 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE